PETER S. CHRISTIANSEN, Nevada Bar No. 5254
  pete@christiansenlaw.com
**CHRISTIANSEN TRIAL LAWYERS**
710 S. 7th STREET
LAS VEGAS, NV 89101
TELEPHONE:  (702) 240-7979
FACSIMILE:   (866) 412-6992

THOMAS F. CARLUCCI, Nevada Bar No. 3208
  tcarlucci@foley.com
**FOLEY & LARDNER LLP**
ONE MARKET PLAZA
55 SPEAR STREET TOWER
SUITE 1900
SAN FRANCISCO, CA 94105
TELEPHONE:  (415) 434-4484
FACSIMILE:   (415) 434-4507

Attorneys for Defendants Terrible Herbst, Inc., JETT Gaming, LLC, ETT I, LLC, ETT-AZ, LLC, ETT-CA, LLC, Blue Diamond & Durango, LLC, Decatur & Silverado, LLC, Herbst-Johns, LLC, HER-COLE, LLC, HER-DEL 1, LLC, HER-GREEN, LLC, HER-LOZ 1, LLC, HER-MOR, LLC, Jean Ventures, LLC, HHT 12 LLC, FSP Partners, LLC, Herbst Supply Co., Inc., HER-DEL 2, LLC, JH, Inc., Terrible Herbst Washington UT, LLC, THSR Holdings, LLC, and TPC OPCO, LLC

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.*, NEVADANS AGAINST FRAUD ON THE GOVERNMENT, LLC, a Nevada Limited Liability Company,<br><br>                    Plaintiffs,<br><br>         v.<br><br>TERRIBLE HERBST, INC., a Nevada Corporation, *et al.*,<br><br>                    Defendants. | Case No. 2:24-cv-02277-JCM-BNW<br><br>**TERRIBLE HERBST DEFENDANTS' UNOPPOSED MOTION TO STAY DISCOVERY PENDING DECISION ON MOTION TO DISMISS**<br><br>**[FIRST REQUEST]**<br><br>*[Filed concurrently with supporting Declaration of Thomas Carlucci]* |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Terrible Herbst, Inc., JETT Gaming, LLC, ETT I, LLC, ETT-AZ, LLC, ETT-CA, LLC, Blue Diamond & Durango, LLC, Decatur & Silverado, LLC, Herbst-Johns, LLC, HER-COLE, LLC, HER-DEL 1, LLC, HER-GREEN, LLC, HER-LOZ 1, LLC, HER-MOR, LLC, Jean Ventures, LLC, HHT 12 LLC,[1] FSP Partners, LLC, Herbst Supply Co., Inc., HER-DEL 2, LLC, JH, Inc., Terrible Herbst Washington UT, LLC, THSR Holdings, LLC, and TPC OPCO, LLC (collectively, the "Terrible Herbst Defendants" or "Defendants") hereby move this Court to stay discovery until Terrible Herbst Defendants' Motion to Dismiss Relator's Complaint and Proposed First Amended Complaint (ECF No. 35, "Motion to Dismiss") is resolved. The Terrible Herbst Defendants communicated with Relator about this request, and Relator does **not** oppose this request to stay discovery through the decision on the Motion to Dismiss. *See* Declaration of Thomas Carlucci, ¶ 5. Defendant Western Alliance Bank also does not oppose this request. *See* Declaration of Thomas Carlucci, ¶ 6. No discovery is needed to decide Terrible Herbst Defendants' Motion to Dismiss, and good cause exists under Rule 26(c) to stay discovery pending its resolution. Therefore, the Court should grant this first request to stay discovery through the Court's decision on the Motions to Dismiss.

**I.   INTRODUCTION**

The Terrible Herbst Defendants contend, without agreement by Relator, that their Motion to Dismiss is clearly dispositive of the entire case and does not require discovery for resolution. Requiring Defendants to engage in discovery, or even submit a discovery plan, prior to the Court's resolution of their Motion would cause an unnecessary expenditure of resources by Defendants. The Federal Rules are to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Requiring the Terrible Herbst Defendants to engage in unnecessary discovery would not effectuate the goal of ensuring an "inexpensive determination of the case." In this Motion, Defendants

---

[1] Defendant HHT 12 LLC was erroneously sued as "HTT 12, LLC," which Relator corrected in the Proposed First Amended Complaint (ECF No. 39-1).

demonstrate (1) that the pending dispositive motion, the Motion to Dismiss, can be decided without further discovery and (2) good cause exists to stay discovery. *See Schrader v. Wynn Las Vegas, LLC*, No. 2:19-CV-02159-JCM-BNW, 2021 WL 4810324, at *4 (D. Nev. Oct. 14, 2021). Moreover, courts in this District have granted stays in proceedings where issuance of the stay was unopposed by all parties to the litigation. *See, e.g., Dep't of Emp. Training & Rehab. ex rel. Chagolla v. Lyft, Inc.*, No. 3:23-CV-00442-ART-CLB, 2025 WL 447747 (D. Nev. Feb. 7, 2025); *Czerniewski v. Keppel*, No. 218CV02078KJDVCF, 2020 WL 5517657 (D. Nev. Sept. 14, 2020). As such, a stay of discovery, which is unopposed by all parties, is appropriate until the Court resolves the Terrible Herbst Defendants' Motion to Dismiss (ECF No. 35).

## II. MERITS OF THE MOTION TO DISMISS

As set forth in the Terrible Herbst Defendants' Motion to Dismiss (ECF No. 35), it is the Terrible Herbst Defendants' position (without agreement by Relator) that Relator's Complaint (ECF No. 1, "Complaint") and Proposed First Amended Complaint (ECF No. 39-1, "FAC") are barred due to the prior public disclosures of the facts surrounding Defendants' PPP loans. As such, the Court should dismiss this action under the public disclosure bar because the essential elements of the fraud Relator alleges were publicly disclosed. The Complaint and FAC rely on transactions publicly disclosed through channels specified in the FCA: a "Federal report" (PandemicOversight.gov) and "the news media" (USA Today and Bizapedia). 31 U.S.C. § 3730(e)(4)(A)(ii)-(iii). Relator's allegations are "substantially similar to" Defendants' public PPP data and business entity information, thus satisfying the Ninth Circuit's public disclosure bar test. 31 U.S.C. § 3730(e)(4)(A). Relator is not an insider with non-public information, nor an "original source" of its allegations, and this action cannot proceed forward.

Moreover, Relator fails to state a plausible violation of the FCA because it does not adequately plead the falsity element of an FCA claim. Relator uses publicly disclosed facts to allege that Defendants were ineligible for PPP loans under all five methods provided by the SBA, and simply asserts without factual support that Defendants did not meet the "alternative size standard." Because Relator fails to plead any facts showing that Defendants' "alternative size

standard" certifications were false when made, it has not plausibly stated the falsity element of an FCA claim and dismissal under Rule 12(b)(6) is warranted.

Relator also fails to plead its FCA claim with the requisite level of specificity under Rule 9(b). Relator hinges its fraud claim on Defendants' alleged ineligibility for PPP loans and makes conclusory allegations that Defendants failed to establish PPP eligibility through any of the five methods provided by the SBA. These threadbare allegations do not "state with particularity" the "who, what, when, where, and how" regarding Defendants' alleged failure under each and every method the SBA provides for businesses to establish PPP eligibility. Fed. R. Civ. P. 9(b); *U.S. ex rel. Cafasso v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). Relator relies upon wholly conclusory allegations of wrongdoing, which does not meet its pleading burden under 9(b). For that additional reason, the Complaint and FAC must still be dismissed.

Finally, Relator fails to plausibly allege scienter. Namely, it does not allege facts that establish each of the twenty-two Terrible Herbst Defendants acted with actual knowledge, deliberate ignorance, or reckless disregard, as required by the FCA. 31 U.S.C. § 3729(b)(1)(A)(i)–(iii). The Complaint and FAC are devoid of any intent-specific facts, just regurgitated non-public information or formulaic recitations of the FCA, and thus fail to adequately plead scienter.

### III.   LEGAL STANDARD

Federal courts have broad discretion to issue orders limiting discovery to protect parties from "undue burden and expense," Fed. R. Civ. P. 26(c)(1), and to sequence discovery "for the parties' and witnesses' convenience and in the interests of justice[.]" Fed. R. Civ. P. 26(d)(3). The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery because a potentially dispositive motion is pending. *Schrader v. Wynn Las Vegas, LLC*, Case No. 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at *2 (D. Nev. Oct. 14, 2021) (*citing Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995)). However, a court may stay discovery under Federal Rule of Civil Procedure 26(c). *Id.* (*citing* Fed. R. Civ. P. 26(c)(1)); *Clardy v. Gilmore*, 773 F. App'x 958, 959 (9th Cir. 2019) (affirming stay of discovery under Rule 26(c)). The standard for staying discovery under Rule 26(c) is good cause. *Id.* (*citing* Fed. R. Civ. P.

26(c)(1) (the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding discovery or specifying when it will occur)).

The Ninth Circuit has held that a district court may stay discovery when it is convinced that the plaintiff will be unable to state a claim upon which relief can be granted. *Id.* (*citing Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) ("A district court may limit discovery 'for good cause' . . . and may continue to stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief.")); *B.R.S. Land Invs. v. United States*, 596 F.2d 353, 356 (9th Cir. 1979) ("A district court may properly exercise its discretion to deny discovery where, as here, it is convinced that the plaintiff will be unable to state a claim upon which relief can be granted."). The Ninth Circuit also has held that a district court may not stay discovery when discovery is needed to litigate the dispositive motion. *Id.* (*citing Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993) (district court would have abused its discretion in staying discovery if the discovery was relevant to the dispositive motion)).

District courts in the District of Nevada have adopted a pragmatic approach when considering motions to stay discovery because a dispositive motion is pending. *See Williams v. Westgate Las Vegas Resort & Casino*, No. 2:25-CV-00249-MMD-MDC, 2025 WL 1735563, at *2 (D. Nev. June 23, 2025); *Santacruz v. Daniels*, No. 2:23-CV-00258-APG-BNW, 2024 WL 4839748, at *2 (D. Nev. Nov. 20, 2024); *Schrader v. Wynn Las Vegas, LLC*, No. 2:19-CV-02159-JCM-BNW, 2021 WL 4810324, at *4 (D. Nev. Oct. 14, 2021). This approach considers only the following two elements: (1) whether the dispositive motion can be decided without further discovery; and (2) whether good cause exists to stay discovery. *Schrader*, 2021 WL 4810324, at *4 (*citing Alaska Cargo Transp.*, 5 F.3d at 383 (district court would have abused its discretion in staying discovery if the discovery was relevant to the dispositive motion)); *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975) (same). Good cause may be established using the "preliminary peek" test, which includes taking a "preliminary peek" at the merits of the potentially dispositive motion to determine if plaintiff cannot state a claim for relief. *Kor Media Group, LLC*

*v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). But, good cause may also be established by other factors, not related to the merits of the dispositive motion. *Schrader*, 2021 WL 4810324, at *4.

The good cause element under this pragmatic approach to staying discovery is sufficiently broad to allow a court to operate within its discretion and the objectives of Rule 1. *Williams*, 2025 WL 1735563 at *2. For example, good cause may be found where a movant seeks to stay discovery to prevent undue burden or expense. *Schrader*, 2021 WL 4810324, at *4; Fed. R. Civ. P. 26(c)(1). Good cause may also exist where staying discovery secures "the just, speedy, and inexpensive determination" of the action. Fed. R. Civ. P. 1.; *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011) ("[T]his court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1."). Rule 1 provides that the federal rules should "be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Here, a stay is warranted because Defendants' Motions to Dismiss can be decided without discovery and good cause exists to stay discovery.

## IV. ARGUMENT TO STAY DISCOVERY

### A. No Discovery is Needed to Decide Motion to Dismiss

No discovery is needed to resolve the Terrible Herbst Defendants' Motion to Dismiss because the Motion involves pure questions of law: (1) whether the Complaint and FAC are barred pursuant to the public disclosure bar, 31 U.S.C. § 3730(e)(4)(A); (2) whether Relator has pleaded an actionable claim under the FCA, which requires a legal determination of whether Relator met the pleading requirements of Rules 9(b) and 12(b)(6), *Blocher v. MindGeek USA Inc.*, No. 323CV00209MMDCLB, 2023 WL 5017711, at *2 (D. Nev. Aug. 4, 2023); and (3) whether Relator plausibly alleged scienter as required by the FCA, 31 U.S.C. § 3729(b)(1)(A)(i)–(iii).

Where a motion to dismiss raises questions of law, additional discovery is not ordinarily required. *Blocher*, 2023 WL 5017711, at *2 (*citing Segal v. Lefebvre*, 2013 WL 12130553, *2 (D. Nev. Nov. 14, 2013)). Moreover, there are no additional facts that could be pled, borne from discovery, to show that the FCA's public disclosure bar is not applicable under the circumstances. Further, the heightened pleading requirement of Rule 9(b) disallows discovery for relators in this

context and requires that a *qui tam* complaint satisfy Rule 9(b) without the need for discovery. *See U.S. ex rel. Cafasso v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1057 (9th Cir. 2011) (Rule 9(b) serves to "deter the filing of complaints as a pretext for the discovery of unknown wrongs") (*quoting Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001)); *State of Cal. ex rel. Mueller v. Walgreen Corp.*, 175 F.R.D. 638, 639 (N.D. Cal. 1997) ("a claim for relief under the . . . False Claims Act requires that the plaintiff, prior to filing his claim, possess a reasonable belief based upon articulable facts that a wrong has occurred.  The claim itself cannot be used as a means for discovering that wrong.") (citations omitted).  Accordingly, no discovery is permitted, much less required, to rule on Defendants' Motions to Dismiss.

    B.   **Good Cause Exists to Stay Discovery**

A stay of discovery pending the resolution of the Terrible Herbst Defendants' Motion to Dismiss would, first, prevent undue burden or expense. *Schrader*, 2021 WL 4810324, at *4; Fed. R. Civ. P. 26(c)(1).  Proceeding to discovery at this point, with solely questions of law for the Court to decide, would surely cost Defendants significantly in document review, depositions, and motion practice.  Further, a stay here would secure "the just, speedy, and inexpensive determination" of the action.  Fed. R. Civ. P. 1.; *Tradebay*, 278 F.R.D. 597, 603.  Granting this motion, and staying discovery, would not only serve the interests of Rule 1 in providing the inexpensive determination of court proceedings, but it would also comply with clearly established precedent in the Ninth Circuit holding that complaints cannot serve as a "pretext for the discovery of unknown wrongs" under Rule 9(b).  *Cafasso*, 637 F.3d 1047, 1057.  Here, a stay of discovery is warranted, as it would support the interests of justice and help to prevent the misuse of judicial resources in the spirit of Fed. R. Civ. P. 1.

Additionally, "[i]t is well-established that courts do not 'condone the use of discovery to engage in fishing expeditions' when a plaintiff's allegations are based on mere speculation." *EVIG, LLC v. Mister Brightside, LLC*, No. 2:23-CV-186 JCM (BNW), 2023 WL 5717291, at *5 (D. Nev. Sept. 5, 2023) (*quoting Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1204 (9th Cir. 2021)). This is precisely what a relator could attempt to do—use a speculative complaint or amended

complaint to fish for facts in discovery. Good cause exists to prevent such a "fishing expedition," and a stay is appropriate until the Terrible Herbst Defendants' Motion to Dismiss is resolved.

## V. CONCLUSION

For the foregoing reasons and based on the authorities cited herein, Defendants respectfully request that the Court grant this Unopposed Motion to Stay Discovery until the Motion to Dismiss is decided and enter an order staying discovery pending resolution of Defendants' Motion to Dismiss Relator's Complaint and FAC.

DATED: January 5, 2026

**FOLEY & LARDNER LLP**
Thomas F. Carlucci

*/s/ Thomas F. Carlucci*
Thomas F. Carlucci

Attorneys for Terrible Herbst, Inc., JETT Gaming, LLC, ETT I, LLC, ETT-AZ, LLC, ETT-CA, LLC, Blue Diamond & Durango, LLC, Decatur & Silverado, LLC, Herbst-Johns, LLC, HER-COLE, LLC, HER-DEL 1, LLC, HER-GREEN, LLC, HER-LOZ 1, LLC, HER-MOR, LLC, Jean Ventures, LLC, HHT 12 LLC, FSP Partners, LLC, Herbst Supply Co., Inc., HER-DEL 2, LLC, JH, Inc., Terrible Herbst Washington UT, LLC, THSR Holdings, LLC, and TPC OPCO, LLC

**IT IS SO ORDERED:**

UNITED STATES MAGISTRATE JUDGE

DATED: January 6, 2026

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of January, 2026, a true and correct copy of **TERRIBLE HERBST DEFENDANTS' UNOPPOSED MOTION TO STAY DISCOVERY PENDING DECISION ON MOTION TO DISMISS** was served on all counsel of record for Relator via the CM/ECF system.

*/s/ Thomas F. Carlucci*
Thomas F. Carlucci

PETER S. CHRISTIANSEN, Nevada Bar No. 5254
  pete@christiansenlaw.com
**CHRISTIANSEN TRIAL LAWYERS**
710 S. 7th STREET
LAS VEGAS, NV 89101
TELEPHONE:  (702) 240-7979
FACSIMILE:   (866) 412-6992

THOMAS F. CARLUCCI, Nevada Bar No. 3208
  tcarlucci@foley.com
**FOLEY & LARDNER LLP**
ONE MARKET PLAZA
55 SPEAR STREET TOWER
SUITE 1900
SAN FRANCISCO, CA 94105
TELEPHONE:  (415) 434-4484
FACSIMILE:   (415) 434-4507

Attorneys for Defendants Terrible Herbst, Inc., JETT Gaming, LLC, ETT I, LLC, ETT-AZ, LLC, ETT-CA, LLC, Blue Diamond & Durango, LLC, Decatur & Silverado, LLC, Herbst-Johns, LLC, HER-COLE, LLC, HER-DEL 1, LLC, HER-GREEN, LLC, HER-LOZ 1, LLC, HER-MOR, LLC, Jean Ventures, LLC, HHT 12 LLC, FSP Partners, LLC, Herbst Supply Co., Inc., HER-DEL 2, LLC, JH, Inc., Terrible Herbst Washington UT, LLC, THSR Holdings, LLC, and TPC OPCO, LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.*, NEVADANS AGAINST FRAUD ON THE GOVERNMENT, LLC, a Nevada Limited Liability Company,<br><br>              Plaintiffs,<br><br>    v.<br><br>TERRIBLE HERBST, INC., a Nevada Corporation, *et al.*,<br><br>              Defendants. | Case No. 2:24-cv-02277-JCM-BNW<br><br>**DECLARATION OF THOMAS F. CARLUCCI IN SUPPORT OF TERRIBLE HERBST DEFENDANTS' UNOPPOSED MOTION TO STAY DISCOVERY PENDING DECISION ON MOTION TO DISMISS** |

**DECLARATION OF THOMAS F. CARLUCCI**

I, Thomas F. Carlucci, declare as follows:

1. I am an attorney at law duly licensed to practice in the State of Nevada and before this Court. I am a partner at the law firm of Foley & Lardner LLP, counsel of record for Defendants Terrible Herbst, Inc., JETT Gaming, LLC, ETT I, LLC, ETT-AZ, LLC, ETT-CA, LLC, Blue Diamond & Durango, LLC, Decatur & Silverado, LLC, Herbst-Johns, LLC, HER-COLE, LLC, HER-DEL 1, LLC, HER-GREEN, LLC, HER-LOZ 1, LLC, HER-MOR, LLC, Jean Ventures, LLC, HHT 12 LLC, FSP Partners, LLC, Herbst Supply Co., Inc., HER-DEL 2, LLC, JH, Inc., Terrible Herbst Washington UT, LLC, THSR Holdings, LLC, and TPC OPCO, LLC (collectively, the "Terrible Herbst Defendants") in this case. As a result, I am familiar with the case file, documents, and meet and confer communications related to this matter. I make this Declaration based upon my own personal knowledge and am willing to testify, under oath, to the truth of the matter asserted herein if called to do so.

2. I make this Declaration to establish good cause for granting Terrible Herbst Defendants' Unopposed Motion to Stay Discovery and to establish that Relator's counsel does not oppose the Motion.

3. On November 24, 2025, Terrible Herbst Defendants filed a Motion to Dismiss Relator's Complaint (ECF No. 35, "Motion to Dismiss").

4. On December 5, 2025, Relator filed an Opposition to Terrible Herbst Defendants' Motion to Dismiss Relator's Complaint (ECF No. 39, "Opposition"), addressing Terrible Herbst Defendants' arguments regarding the allegations in the operative Complaint. In addition to responding to the arguments directed to the operative Complaint, Relator's Opposition attached as Exhibit 1 a Proposed First Amended Complaint (ECF No. 39-1, "FAC") and advanced arguments premised on new and revised allegations contained in that proposed pleading.

5. On January 3, 2026, I met and conferred with Relator's counsel via email regarding this Motion to Stay. Relator's counsel, Kathleen Gallagher, advised that Relator does not oppose

this Motion. Further, we agreed, on behalf of our respective clients, that good cause exists to stay discovery pending resolution of the Terrible Herbst Defendants' Motion to Dismiss.

6. On January 4, 2026, I met and conferred with Defendant Western Alliance Bank's counsel, Sam Neel, via email regarding this Motion. Western Alliance Bank's counsel advised that Western Alliance Bank does not oppose this Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 5th day of January, 2026, in San Francisco, California.

                        */s/ Thomas F. Carlucci*
                        Thomas F. Carlucci

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of January, 2026, a true and correct copy of **DECLARATION OF THOMAS F. CARLUCCI IN SUPPORT OF TERRIBLE HERBST DEFENDANTS' UNOPPOSED MOTION TO STAY DISCOVERY PENDING DECISION ON MOTION TO DISMISS** was served on all counsel of record for Relator via the CM/ECF system.

*/s/ Thomas F. Carlucci*
Thomas F. Carlucci